IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES M. SCHROER, JR., | ) | CASE NO. 1:17 CV 1620 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Charles M. Schroer, Jr., for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated August 2, 2017.

[2] ECF # 1.

[3] ECF # 14.

[4] ECF # 15.

[5] ECF # 8.

[6] ECF # 16.

have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

For the reasons set forth below, it is recommended the decision of the Commissioner be reversed and remanded for further administrative proceedings as it is not supported by substantial evidence.

## Facts

**A.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Schroer, who was 50 years old at the time of the administrative hearing,[11] has an eighth grade education and has no past relevant work experience.[12]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Schroer had severe impairments consisting of migraine, affective disorder, chronic obstructive pulmonary disease ("COPD"), and personality disorder. (20 CFR 416.920(c)).[13]

The ALJ made the following finding regarding Schroer's residual functional capacity:

---

[7] ECF # 23 (Commissioner's brief); ECF # 20 (Schroer's brief).

[8] ECF # 23-1 (Commissioner's charts); ECF # 20-1 (Schroer's charts).

[9] ECF # 19 (Schroer's fact sheet).

[10] ECF # 26.

[11] ECF # 19 at 1.

[12] *Id.*

[13] ECF # 15, Transcript ("Tr.") at 38.

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can occasionally climb ladders, ropes, and scaffolds. He must avoid concentrated exposure to extremes of cold and heat, wetness, humidity, fumes, odors, dust, gases, and poor ventilation. He must avoid concentrated exposure to hazards, including but not limited to, industrial machines and unprotected heights. He has the capacity to concentrate, understand, and remember routine, repetitive, and simple instructions. He has the capacity for brief and superficial contact with co-workers and the public and the ability to tolerate and respond appropriately to supervision. He has the capacity to cope with stress and pressure of routine, repetitive, and simple tasks.[14]

The claimant has no past relevant work.[15]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed nationally that Schroer could perform.[16] The ALJ, therefore, found Schroer not under a disability.[17]

**B.    Issue on judicial review**

Schroer asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Schroer presents the following issue for judicial review:

---

[14] *Id.* at 40.

[15] *Id*. at 45.

[16] *Id*.

[17] *Id*. at 46.

- Whether the ALJ's assessment of plaintiff's statements failed to comply with SSR 16-3p.[18]

It is recommended that the ALJ's finding of no disability is not supported by substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings.

## Analysis

### A. Applicable legal principles

#### 1. *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

---

[18] ECF # 20 at 3.

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

*2.    Subjective symptom evaluation*

As the Social Security Administration has recognized in a policy interpretation ruling on evaluating symptoms in disability claims,[22] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms will be considered with other relevant evidence in deciding disability:

> If we cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms. . . . We will consider an individual's statements about the intensity, persistence, and limiting effects of

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] Social Security Ruling ("SSR") 16-3p, Evaluation of Symptoms in Disability Claims, 2017 WL 5180304.

> symptoms, and we will evaluate whether the statements are consistent with objective medical evidence and other evidence.[23]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work ... solely because the available objective medical evidence does not substantiate your statements.[24]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[25]

As a practical matter, in the evaluation of subjective symptoms, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[26] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his or her claim.

---

[23] *Id.* at *6.

[24] 20 C.F.R. § 416.929(c)(2).

[25] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 988-89 (N.D. Ohio 2003).

[26] 20 C.F.R. § 416.929(c)(3).

The regulations set forth factors that the ALJ should consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[27]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents evidence of these factors consistent with other evidence in the record, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

Importantly, evaluation of subjective symptoms is not an assessment of the claimant's character or truthfulness.[28] Instead, the ALJ's examination must focus on "whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the [claimant]'s symptoms and given the [ALJ]'s evaluation of the [claimant]'s symptoms, whether the intensity and persistence of the symptoms limit the [claimant]'s ability to perform work-related activities . . . ."[29] The Social Security ruling emphasizes that "[t]he determination or decision must contain specific reasons for the weight given to the

---

[27] 20 C.F.R §§ 416.929(c)(3)(i)-(vii).

[28] SSR 16-3p at *11.

[29] *Id.*

individual's symptoms, be consistent with and supported by the evidence, and be *clearly articulated* so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."[30]

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. A court may not disturb the ALJ's "analysis and the conclusions drawn from it – formerly termed a credibility determination –" absent compelling reason.[31]

**B**.    **Application of standards**

SSR 16-3p sets out specific and somewhat demanding requirements for articulation where the ALJ finds that a claimant's complaints of intensity, persistence, and limiting effects of pain are exaggerated. As stated above, the ALJ's decision not only must contain specific reasons for the weight given to the individual's symptoms, it must be "clearly articulated" so the claimant and any subsequent reviewer can assess how the ALJ evaluated the claimant's symptoms.

Migraines are the severe impairment at issue in this case.  The ALJ determined Schroer's complaints regarding the intensity, persistence, and limiting effects of his pain were exaggerated but merely referred to the "reasons explained in this decision."[32] Counsel

---

[30] SSR 16-3p at *10 (emphasis added).

[31] *Robinson v. Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2437560, at *8 (E.D. Mich. May 8, 2018) (citing *Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 981 (6th Cir. 2011); *Warner v Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)), *report and recommendation adopted by Robinson v Comm'r of Soc. Sec.*, No. 17-cv-12202, 2018 WL 2431689 (E.D. Mich. May 30, 2018).

[32] Tr. at 45.

for the Commissioner admitted at the oral argument that the decision made only two references to migraines.[33] This is in the face of the ALJ's finding that migraines are a severe impairment for Schroer,[34] Schroer's testimony that he stopped working because of migraines,[35] and his statements of the limiting effects of those migraines.[36]

The ALJ's determination inadequately analyzed the medical evidence regarding Schroer's migraines. As set out in the charts to Schroer's brief, Schroer has been treating for migraines since May of 2010.[37] Schroer went to the emergency room for migraines on August 12, 2013.[38] In November of 2013, he began to treat with Preetha Muthusamy, M.D., a neurologist, and eventually had an MRI.[39] He received medication for that condition and a diagnosis of migraines in January 2014.[40] There is a note on October 23, 2014, that

---

[33] *Id.* at 41-42.

[34] *Id.* at 38.

[35] *Id.* at 57-58.

[36] *Id.* at 62.

[37] *Id.* at 510-13. Although this roughly corresponds with Schroer's alleged onset date, this is a supplemental security income claim, so the relevant period runs from the date of application, November 15, 2013 (*see* ECF #19 at 1), to the date of decision, April 14, 2016. Tr. at 46.

[38] ECF # 20, Attachment 1 at 5-7 (Schroer's charts)

[39] *Id.*

[40] *Id. at* 11-14.

Schroer's headaches were well controlled.[41] But, additional notes in 2015 show that the severe migraines had returned and were ongoing.[42]

The issue framed for the ALJ at the hearing was whether Schroer's migraines would require excessive breaks and unacceptable absences.[43] The VE testified that there were no jobs in significant numbers in the national economy available if Schroer was off task more than ten percent of the time or absent from work more than one day at a time because of symptoms.[44] Schroer's counsel in closing argued that Schroer's migraines as testified to at the hearing and reported in the medical records cause him to be off task and absent to the extent that the VE's testimony supported disability.[45]

Schroer's counsel's point is well taken – Schroer testified that he stopped working because of migraines. His testimony, if not discounted, would require him to take excessive breaks and miss multiple days of work each month. As Schroer's counsel argued at the hearing,[46] consistent with the VE's testimony, this would eliminate any jobs in significant numbers in the national economy at Step Five.

---

[41] Tr. at 616-20.

[42] *Id.* at 697-701, 674-78.

[43] *Id.* at 76-77.

[44] *Id.* at 76.

[45] *Id.* at 76-77.

[46] *Id.* at 77.

SSR 16-3p specifically rejects articulation that incorporates boilerplate language and fails to give "specific reasons for the weight given to the individual's symptoms . . . ."[47] The ALJ, by referring to "the reasons explained in the decision,"[48] fell short of this standard. The two brief references to migraines in the decision, even with citations to some of the relevant records, do not identify Dr. Muthusamy, do not include specific reasons for the weight assigned to Schroer's symptoms, and do not provide a basis for meaningful judicial review.

Counsel for the Commissioner during the oral argument acknowledged the shortcomings of the ALJ's decision and attempted to supply analysis and comment on the relevant medical records that the ALJ failed to provide. This constitutes impermissible *post hoc* rationalization.

As the ALJ's decision failed to meet the articulation requirements of SSR 16-3p regarding Schroer's subjective symptoms related to his migraines, it is recommended that the ALJ's determination of no disability be reversed and remanded.

## Conclusion

The ALJ's finding of no disability is not supported by substantial evidence. Accordingly, I recommend that the decision of the Commissioner denying Schroer's supplemental security income be reversed and remanded for reconsideration of whether the

---

[47] SSR 16-3p at *10.

[48] Tr. at 45.

medical records and Schroer's testimony supports an RFC finding that would include breaks and absences from work because of migraines.

Dated: June 12, 2018                        <u>s/ William H. Baughman, Jr.</u>
                                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[49]

---

[49] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).